FILED
U.S. District Court
District of Kansas
03/16/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAIME SOLAYA CLAVERO, )
)
Petitioner, )
v. ) Case No. 25-3278-JWL
)
JACOB WELSH, Sheriff, Chase County; )
SAMUEL OLSON, ICE Field Office Director; )
TODD LYONS, ICE Acting Director; )
KRISTI NOEM, DHS Secretary; )
PAMELA BONDI, Attorney General; and )
EXECUTIVE OFFICE FOR IMMIGRATION )
   REVIEW, )
)
Respondents. )
)
_____)

## MEMORANDUM AND ORDER

Petitioner, through counsel, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his detention by immigration officials without a bond hearing. For the reasons set forth below, the Court **grants the petition in part**. Respondents are ordered either to release petitioner or to ensure that petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a) on or before **March 27, 2026**, and they are further ordered to provide notice to this Court when such relief has been given. The Court denies petitioner's requests for other relief.

Petitioner, a citizen of Cuba, entered the United States illegally in 2022, without inspection or admission. Petitioner was detained by border authorities at that time, but he was released on his own recognizance. In August 2025, petitioner was again detained by

immigration officials, and he remains in custody in this judicial district. On December 30, 2025, petitioner filed the instant habeas action; respondents have filed an answer, and petitioner has filed a reply brief, and the matter is therefore ripe for ruling.[1]

To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003). Respondents have not argued that this Court lacks jurisdiction to consider petitioner's claim.

Petitioner was not recently detained as an alien newly arriving in the United States; rather, he had been present in the United States for three years when he was detained. Petitioner argues that, for that reason, his detention does not fall within the scope of 8 U.S.C. § 1225(b)(2)(A), which mandates detention pending removal proceedings, and under which the Government purports to detain petitioner; but instead is governed by 8 U.S.C. § 1226(a), which provides for discretionary release on bond. Petitioner thus claims that his detention without any consideration of his release on bond violates these statutes.[2]

---

[1] On February 6, 2026, an immigration judge ordered petitioner's removal to Cuba, but petitioner has appealed that order, causing the removal order to be stayed. Thus, because petitioner's removal order is not yet administratively final, his detention still must be governed by either Section 1225(b)(2)(A) or Section 1226, and as the parties have jointly confirmed, the present claim has not been rendered moot.

[2] Petitioner also claims that his detention without consideration of release on bond violates due process. In light of the Court's conclusion that petitioner is entitled to bond consideration under the statues, it need not reach that issue.

In a similar case decided days ago, this Court rejected the Government's interpretation of these statutes in favor of the interpretation adopted by the overwhelming majority of courts that have addressed the issue, and the Court ordered relief in the form of a bond hearing under Section 1226(a). *See Galdamez Orellana v. Welsh*, 2026 WL 710121 (D. Kan. Mar. 13, 2026) (Lungstrum, J.). For the same reasons set forth in that opinion, *see id.* at *1-3, the Court concludes in this case that the Government may not detain petitioner under Section 1225(b)(2)(A), and that it may therefore detain petitioner pending a final removal decision only under Section 1226(a), which allows for release on bond; and that the Government has therefore violated these statutes by refusing to allow for consideration of petitioner's release on bond under Section 1226(a)

In addition, for the reasons stated in *Galdamez Orellana*, *see id.* at *3-4, the Court concludes that the most appropriate remedy for that violation is to require that petitioner be granted a bond hearing as if detained under Section 1226(a). Accordingly, the Court orders respondents either to release petitioner or to ensure that petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a), at which petitioner's suitability for release on bond is considered on its merits, on or before **March 27, 2026**.[3]

---

[3] Respondents have not argued or provided evidence that a hearing could not be conducted within a short timeframe as requested by petitioner. Nor have respondents argued that an immigration judge could not conduct a bond hearing for petitioner on the merits. Although this Court lacks jurisdiction to review an immigration judge's denial of release on bond, *see Chen v. Dorneker*, 2021 WL 5769354, at *2 (D. Kan. Dec. 6, 2021) (Lungstrum, J.) (citing 8 U.S.C. § 1226(e)), it would not be precluded from reviewing an immigration judge's refusal to conduct a hearing based the *Yajure Hurtado* decision by the Board of Immigration Appeals (just as it has done in the present case).

Finally, the Court notes that petitioner has requested an award of attorney fees under the Equal Access to Justice Act.  Any such request should be made by future motion, after consultation with Government counsel, in accordance with applicable rules.[4]

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **granted in part**.  Respondents are ordered either to release petitioner or to ensure that petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a) on or before **March 27, 2026**, and they are further ordered to provide notice to this Court when such relief has been given.  The Court denies petitioner's requests for other relief.

IT IS SO ORDERED.

Dated this 16th day of March, 2026, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

---

[4] Although petitioner has not addressed the issue in a separate count in his petition, he nevertheless seeks as relief an order declaring that petitioner was in fact paroled into the United States, effectively to reverse a contrary finding by the immigration judge.  Petitioner has seemingly abandoned any such claim for relief in his traverse.  At any rate, petitioner has not shown that this Court would have jurisdiction to review such a finding, and the Court denies the claim to the extent that petitioner does seek such relief.